UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v.          ) | No. 21-cr-537 (JMC) |
| ) | |
| STEPHEN CHASE RANDOLPH, ) | |
| ) | |
| Defendant.     ) | |

# ORDER

**AND NOW**, this _____ day of _____, 202_, upon consideration of Defendant's Motion to Dismiss Counts Five, Six and Seven of the Indictment, the response thereto, and a hearing, it is hereby **ORDERED** that Defendant's Motion is **GRANTED**.

**SO ORDERED.**

Date: _____

_____
JIA M. COBB
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | No. 21-cr-537 (JMC) |
| | ) | |
| STEPHEN CHASE RANDOLPH, | ) | |
| | ) | Hearing Requested |
| Defendant. | ) | |

**STEPHEN RANDOLPH'S MOTION TO DISMISS COUNTS FIVE, SIX AND SEVEN OF THE INDICTMENT AND MEMORANDUM OF LAW IN SUPPORT**

Defendant, Stephen Randolph, by and through his undersigned counsel, hereby moves this Court to Dismiss Counts Five, Six, and Seven of the Indictment, which allege violations of 18 U.S.C. § 1752, subsections (a)(1), (a)(2), and (a)(4). Mr. Randolph submits the following Memorandum of Law in Support of his Motion to Dismiss.

**I. INTRODUCTION**

A 14-Count Indictment was returned against Stephen Randolph and his co-defendants on or about January 12, 2022. Among other alleged violations, the Grand Jury charged Mr. Randolph with violation of 18 U.S.C. § 1752(a)(1), (b)(1)(A) (Count Five), 18 U.S.C. § 1752(a)(2), (b)(1)(A) (Count Six), and 18 U.S.C. § 1752(a)(4), (b)(1)(A) and (b)(1)(B) (Count Seven). Trial in this matter is scheduled to begin March 6, 2023, and pursuant to the Court's Scheduling Order, pretrial motions are due on October 28, 2022.

**II. LEGAL ARGUMENT**

Mr. Randolph moves to dismiss Counts Five through Seven for failure to state an offense, pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(iii). 18 U.S.C. § 1752 provides, in relevant part,

2

(a) Whoever –

(1) Knowingly enters or remains in any restricted building or grounds without lawful authority to do so;

(2) Knowingly, and with intent to impede or disrupt the orderly conduct of Government business or official functions, engages in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions; and

(4) knowingly engages in any act of physical violence against any person or property in any restricted buildings or grounds."

When this statute was enacted, it is clear that the purpose was to designate the United States Secret Service ("USSS") as the entity responsible for restricting areas for temporary visits by the President. *See* S. Rep. No. 91-1252 (1970). At the time of enactment, the USSS was part of the Treasury. Section 1752 grants the Treasury Secretary the authority to "designate by regulations the buildings and grounds which constitute the temporary residences of the President." 18 U.S.C. § 1752(d)(1). It also allows the Secretary to "prescribe regulations governing ingress or egress to such buildings and grounds to be posted, cordoned off, or otherwise restricted areas where the President may be visiting." § 1752(d)(2). There is nothing in the legislative history (or the statutory language) to suggest that anyone other than the USSS has the authority to so restrict the areas surrounding the Capitol building.[1]

---

[1] The USSS's duties and responsibilities are outlined in 18 U.S.C. § 3056, and that statute does not state that any other agency is permitted to designate events for security purposes and only explains that the USSS would be under the designation of the Department of Homeland Security instead of the Treasury Department.

3

The Indictment, in Counts Five through Seven, charges Mr. Randolph with remaining or entering "restricted building or grounds;" however, it does not allege that the USSS designated that area as being restricted. Nor could it do so now because in *United States v. Griffen*, the government conceded that it was the United States Capitol Police that attempted to designate the area as restricted that day and not the USSS. 21-cr-92 (TNM) at ECF 33. The Court in *Griffen* denied a motion to dismiss a §1752 charge, in part, on the ground that the statute did not specifically state who must designate the "restricted areas." *Id.* at ECF 41.

However, the plain language of section 1752 defines "restricted building or grounds" as a "building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting." Since it is the Secret Service who protects the President or "other person," it is the Secret Service who must designate the area "restricted." The legislative history bolsters this interpretation. Congress enacted section 1752 as part of the Omnibus Crime Control Act of 1970. Public Law 91-644, Title V, Sec. 18, 84 Stat. 1891-92 (Jan. 2 1971). At that time, the USSS was a part of the Treasury Department. The Senate Judiciary Committee report accompanying the current version of § 1752 noted that there was no federal statute that specifically authorized the Secret Service to restrict areas where the President maintains temporary residences and the senators explained that the key purpose of the bill was to provide that authority to the Secret Service. S. Rep. No. 91-1252 (1970).

Under the plain language of the statute, it does not apply to the grounds outside the U.S. Capitol. Section 1752 expressly defines the term "restricted buildings or grounds" as follows:

(1) the term "restricted buildings or grounds" means any posted, cordoned off, or otherwise restricted area –

      (A) of the White House or its grounds, or the Vice President's official residence or its grounds;

      (B) of a building or grounds where the President or other person protected by the Secret Service is or will be temporarily visiting; or

      (C) of a building or grounds so restricted in conjunction with an event designated as a special event of national significance.

Counts Five, Six, and Seven charge Mr. Randolph with conduct "in a restricted building and grounds, that is, any posted, cordoned-off, and otherwise restricted area within the United States Capitol and its grounds, where the Vice President was temporarily visiting, without lawful authority to do so . . . " Indictment, at Counts Five, Six, and Seven.  The U.S. Capitol and its grounds do not automatically constitute "restricted building and grounds" within the meaning of section 1752.  Nor did the Capitol grounds become "restricted grounds" on January 6, 2021, because of a temporary visit by the Vice President, as the government asserts in the Indictment.

      The phrase "temporarily visiting" connotes presence in a place where the person does not ordinarily work or reside.  Former Vice President Pence was not "temporarily visiting" the Capitol on January 6, 2021.  He actually worked at the Capitol Building; as President of the Senate, the former Vice President had a permanent office within the Capitol building.  On January 6, 2021, he was conducting official business at the U.S. Capitol building, a place where he regularly worked, carrying out his sworn, official duties to preside over the certification of the Electoral College Vote.

### III. <u>CONCLUSION</u>

For all the reasons set forth more fully above, Counts Five, Six, and Seven of the Indictment must be dismissed. Mr. Randolph respectfully requests a hearing on his motion.

Respectfully submitted,

<u>  /s/ Angela Halim          </u>
Angela Halim, Esq.,
3580 Indian Queen Lane
Suite 10A
Philadelphia, PA  19129
(215) 300-3229
<u>angiehalim@gmail.com</u>

**CERTIFICATE OF SERVICE**

     I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record, via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                   /s/ Angela Halim
                                                   Angela Halim, Esq.

Dated:  October 28, 2022