UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-cr-537-JMC |
| | : | |
| STEPHEN CHASE RANDOLPH, | : | |
| | : | |
| DEFENDANT. | : | |

GOVERNMENT'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR UNITED STATES
MARSHALS SERVICE TO ARRANGE FOR TRAVEL AND ACCOMMODATIONS

The United States hereby opposes Defendant Stephen Chase Randolph's Motion to Direct the U.S. Marshals to Arrange for Travel to Court and Accommodations During Trial. ECF 273. While defendant's brief asserts that he is indigent, he did not submit evidence to establish that he is unable to pay for transportation from the Eastern District of Kentucky to Washington, D.C., especially not when he was able to travel to the District of Columbia on January 6, 2021. The Court should, therefore, deny his motion. Further, even if defendant could establish eligibility under 18 U.S.C. § 4285 for funds to travel, he is not entitled to lodging or subsistence during the trial, or for return travel afterward.

A. Procedural Background

The Fourth Superseding Indictment charges this defendant with eight felony and two misdemeanor offenses for his conduct on January 6, 2021. These are: Civil Disorder, in violation of 18 U.S.C. § 231(a)(3) (Count One); Assaulting, Resisting, or Impeding Certain Officers Using a Deadly or Dangerous Weapon and Inflicting Bodily Injury and Aiding and Abetting, in violation of 18 U.S.C. §§ 111(a)(1), (b) and 2 (Counts Two and Three); Assaulting, Resisting, or Impeding Certain Officers, in violation of 18 U.S.C. §

111(a)(1) (Count Four); Entering and Remaining in a Restricted Building or Grounds while Using or Carrying a Dangerous Weapon, in violation of 18 U.S.C. §§ 1752(a)(1) and (b)(1)(A) (Counts Five and Six); Engaging in Physical Violence in a Restricted Building or Grounds with a Deadly or Dangerous Weapon, Resulting in Significant Bodily Injury, and Aiding and Abetting, in violation of 18 U.S.C. §§ 1752(a)(4), (b)(1)(A), (b)(1)(B), and 2 (Count Seven); Disorderly Conduct in a Capitol Building or Grounds, in violation of 40 U.S.C. § 5104(e)(2)(D) and 18 U.S.C. § 2 (Count Eight); Act of Violence in a Capitol Building or Grounds and Aiding and Abetting, in violation of 40 U.S.C. §§ 5104(e)(2)(F) and 18 U.S.C. 2 (Count Nine); and Obstruction of an Official Proceeding and Aiding and Abetting, in violation of 18 U.S.C. §§ 1512(c)(2) and 2 (Count Ten). ECF 245.

The trial is scheduled to begin on October 23, 2023. ECF 253. On September 25, 2023, the defendant filed the instant motion for the Court to order the U.S. Marshals Service to provide him with transportation, lodging, and accommodation to travel from the Eastern District of Kentucky to Washington, D.C. for trial. ECF 273-74. As set forth herein, the motion should be denied.

### B. Factual Background

At 1:00 p.m., on January 6, 2021, a Joint Session of the United States Congress convened in the United States Capitol building. The Joint Session assembled to debate and certify the vote of the Electoral College of the 2020 Presidential Election. With the Joint Session underway and with Vice President Mike Pence presiding, a large crowd gathered outside the U.S. Capitol. At approximately 12:53 p.m., the defendant and others forced their way through, up, and over erected barricades. The crowd, having breached police officer lines, advanced to the exterior façade of the building. Members of the U.S. Capitol

Police attempted to maintain order and keep the crowd from entering the Capitol. However, shortly after 2:00 p.m., individuals in the crowd forced entry into the U.S. Capitol. At approximately 2:20 p.m., members of the United States House of Representatives and United States Senate, including the President of the Senate, Vice President Mike Pence, were instructed to—and did—evacuate the chambers.

An affidavit supporting the criminal complaint against the defendant describes his role in the January 6, 2021, attack on the Capitol. *United States v. Randolph*, 21-mj-382-JMC (ECF 6). Among other facts, the affidavit reveals that this defendant joined with his co-defendants to attack United States Capitol Police (USCP) officers and carry out the initial breach of the Capitol grounds on January 6, 2021. This defendant physically attacked officers and joined with his co-defendants to lift metal barriers and drive them into USCP officers near the Peace Circle and the Capitol Building, forcing one officer to the ground and knocking her unconscious. After overwhelming officers, the defendant moved on and continued to participate in the attack on the Capitol building and obstruction of Congress.

## ANALYSIS

Defendant requests the Court "to direct the United States Marshal to arrange for travel from [the defendant's] residence to the District of Columbia pursuant to 18 U.S.C. § 4285." ECF 273 at 1. The motion states that he "seeks financial assistance traveling" between the Eastern District of Kentucky and the District of Columbia and "for lodging in the District of Columbia during his trial." *Id*. While the motion states that the defendant is indigent, the defendant did not provide a declaration, affidavit, or any other evidence in support to establish that he is without means to pay for his transportation while traveling

from Kentucky to Washington, D.C. for the trial. Accordingly, the Court should deny the motion, because the defendant has failed to establish that he is unable to pay for transportation to the site of court and, therefore, he is not entitled to the relief he seeks.

Additionally, even if the defendant could establish that he is unable to pay for his noncustodial transportation and subsistence while traveling from the Eastern District of Kentucky to Washington, D.C., the defendant is not entitled to lodging or subsistence during trial or noncustodial transportation and subsistence post-trial in returning to Kentucky.

> Title 18, United States Code, Section 4285 provides:
>
> Any judge or magistrate judge of the United States, when ordering a person released under chapter 207 on a condition of his subsequent appearance before that court, any division of that court, or any court of the United States in another judicial district in which criminal proceedings are pending, may, when the interests of justice would be served thereby and the United States judge or magistrate judge is satisfied, after appropriate inquiry, that the defendant is financially unable to provide the necessary transportation to appear before the required court on his own, direct the United States marshal to arrange for that person's means of noncustodial transportation or furnish the fare for such transportation to the place where his appearance is required, and in addition may direct the United States marshal to furnish that person with an amount of money for subsistence expenses to his destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code. When so ordered, such expenses shall be paid by the marshal out of funds authorized by the Attorney General for such expenses.

18 U.S.C. § 4285. Under § 4285, the district court or a magistrate judge "may, when the interest of justice would be served" order the U.S. Marshal to provide a defendant with funds for noncustodial transportation while traveling to the judicial district or a division within the same judicial district for court proceedings. *Id.* Expenses for subsistence under § 4285 is limited to an amount of money to a defendant's destination. *Id.* The district court or magistrate judge, however, must first be "satisfied, after appropriate inquiry, that the

4

defendant is financially unable to provide the necessary transportation to appear before the required court on his own." *Id.; see also United States v. Forest*, 597 F. Supp. 2d 163, 165–166 (D. Me. 2009) (noting that § 4285 "places the onus" on a defendant to demonstrate defendant "is so destitute" that defendant is financially unable to provide funds necessary for transportation to court and that defendant must overcome "a heavy burden" to establish an inability to pay).

Since passage of § 4285, defendants have requested that courts go beyond the plain text of § 4285 and order the U.S. Marshals Service to pay expenses or reimbursement of expenses for a defendant's noncustodial transportation and subsistence to the judicial district where a matter is pending, through the conclusion of the proceedings, and for noncustodial transportation and subsistence from the judicial district or division where a proceeding was held back to a defendant's residence outside the judicial district or division. Courts have rejected this approach. For example, this Court in *United States v. James,* 762 F. Supp. 1, 2 (D.D.C. 1991), denied a Massachusetts defendant's *ex parte* motion under § 4285 for transportation and subsistence expenses from Washington, D.C. to Massachusetts because "while the statute authorizes payment to travel to the court, once at the site of court, the statute does not authorize payment of subsistence during the course of the trial or hearing." *Id.*; *see also United States v. Sandoval*, 812 F. Supp. 1156, 1157 (D. Kan. 1993)("[W]hile the court may require the Marshal to provide money for subsistence during transit, this statute does not authorize the court to enter an order requiring the Marshal to provide money for subsistence upon reaching [the place of trial.]"); *United States v. Nave*, 733 F. Supp. 1002 (D. Md. 1990) (denying motion under § 4285 to authorize government funds for lodging during trial because § 4285 "does not

authorize such payments, but only provides for payment of travel and subsistence to the place of trial."); *United States v. Centeno,* No. 09CR3120–L, 2009 WL 3334144, at *1 (S.D. Cal. 2009)(granting motion to provide transportation and subsistence funds only to the extent as it relates to one-way travel to court because § 4285 "only allows payment of one-way travel to a court appearance, and not for costs of return travel[,]" and that § 4285 "does not authorize payment for subsistence or lodging during trial.").

A court may also deny a § 4285 motion as not being in the interest of justice. Recently, in a context relevant here, Judge Beryl A. Howell in *United States v. Devin Rossman*, No. 1:22-cr-280-BAH (minute order, Oct. 14, 2022), denied a defendant's motion under § 4285 for travel expenses to attend his sentencing on convictions for misdemeanor offenses related to the U.S. Capitol breach on January 6, 2021. In denying the motion, the court reasoned:

> Regarding defendant's travel expenses, pursuant to 18 U.S.C. § 4285, funding may be dispensed when the defendant is "financially unable" to travel for his appearance on his own and "when the interests of justice would be served thereby." Defendant was able to travel to Washington, D.C. to engage in the very offense conduct that is the subject of these proceedings. The interests of justice would not be served by the U.S. Government paying for defendant to make that same trip now that he is to be sentenced for that offense conduct.

*Id.*

The defendant has failed to establish he is unable to pay for transportation to court for trial or that granting the motion is in the interest of justice. First, the defendant's motion fails to provide the Court with an adequate basis to conduct an "appropriate inquiry" under § 4285 into his ability to pay. In *Forest*, a defendant filed a motion under § 4285 for $48 in funds to pay for travel and reimbursement to attend an upcoming Rule 11 proceeding. *Forest*, 597 F. Supp. 2d at 164. Forest also supported her motion with

documentation including a receipt that detailed Forest's social security benefits and her "usual expenses." *Id.* at 166. The court in *Forest* found the information insufficient and denied the motion because Forest's motion was: (1) unsworn, (2) her list of expenses included a monthly item that Forest could forgo to pay for the travel, and (3) based on the minimal amount of funds needed to travel, "the Court would require a much more intensive analysis of her entire financial situation before it could conclude that she had met the burden contemplated by the statute." *Id.*

Here, Defendant has not provided the Court with any supporting documentation that would allow the Court to fulfill its obligation under Section 4285 to conduct an appropriate inquiry into Defendant's ability to pay. On this basis alone, the Court should deny the motion. Additionally, this defendant is charged with Civil Disorder, Assaulting Law Enforcement Officers, Engaging in Physical Violence, Obstruction of an Official Proceeding, and other serious offenses, and he has failed to state why it is in the interests of justice that the Court grant his motion.

## CONCLUSION

WHEREFORE, for the above-stated reasons, the Court should deny the defendant's motion under 18 U.S.C. § 4285 for an order directing the U.S. Marshals Service to provide him with funds for noncustodial transportation and subsistence.

expenses from the Eastern District of Kentucky to Washington, D.C. for trial.[1]

                Respectfully submitted,

                MATTHEW M. GRAVES
                United States Attorney
                DC Bar No. 481052

By:    /s/ *Christopher Brunwin*
       CHRISTOPHER BRUNWIN
       California Bar No. 158939
       Assistant United States Attorney – Detailee
       312 N. Spring Street
       Los Angeles, California 90012
       Christopher.Brunwin@usdoj.gov
       (213)894-4242

       J. HUTTON MARSHALL
       DC Bar No. 1721890
       Assistant United States Attorney
       601 D Street, N.W.
       Washington, D.C. 20579
       Joseph.Hutton.Marshall@usdoj.gov
       (202)252-6299

---

[1] Although 18 U.S.C. § 4285 does not permit the relief defendant requests based on his inadequate showing, some courts have found alternative ways to provide defendants with funds for transportation and lodging. *United States v. Badalamenti,* No. 84 CR. 236 (PNL), 1986 WL 8309 at *1-2 (S.D.N.Y. July 22, 1986) (finding that although § 4285 does not permit funds for subsistence during a trial, the trial lasting one year constituted an extraordinary circumstance and "fundamental fairness or due process" required the government to "provide either decent, non-custodial lodging or the cost of obtaining it."); *Nave,* 733 F. Supp. at 1003 (noting that in the absence of a congressional amendment to § 4285, indigent defendants "must either rely, for food and shelter, upon the kindness of friends or strangers, or make arrangements through the Pre–Trial Services Agency for lodging in some appropriate facility, such as a half-way house."); *United States v. Gundersen*, 978 F.2d 580, 584-585 (10th Cir. 1992)(holding the Pretrial Services Act, 18 U.S.C. §§ 3152–3156, requires Pre-trial Services to provide defendants unable to qualify under 18 U.S.C. § 4285 with food and shelter through residency in a government-managed facility); *but see United States v. Mendoza,* 734 F. Supp. 2d 281, 285-287 (E.D.N.Y. 2010)(rejecting the reasoning in *Nave* that a half-way house may be an appropriate lodging for a defendant on pretrial release and the reasoning in *Gundersen* that the Pre-trial Services may arrange for funding and lodging as an overbroad reading of the § 4285 and holding instead that a defendant may access funds under an "admittedly tortured" reading of the Criminal Justice Act, 18 U.S.C. § 3006A, by a court order authorizing defense counsel to access judiciary funds to arrange for their clients' transportation and lodging.).

8

Case 1:21-cr-00537-JMC   Document 284   Filed 10/05/23   Page 9 of 9