UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| v. | : | No. 21-cr-537 (JMC) |
| STEPHEN CHASE RANDOLPH, | : | |
| Defendant. | : | |

### DEFENDANT'S MOTION FOR RETURN OF PHYSICAL PROPERTY

Defendant, Stephen Chase Randolph, by and through his undersigned counsel, hereby moves the Court for the return of physical property seized from him during the execution of a search warrant on April 20, 2021. Specifically, Mr. Randolph seeks the return of a black leather jacket, gray Carhart knit cap, dark brown or black mid-calf boots, black gloves with orange detail, and any other physical property seized from him during the execution of a search warrant on April 20, 2021.

As the Court knows, Mr. Randolph did not contest any aspect of identification at his trial; in fact, he stipulated to identification at multiple points during the trial. The clothing articles itemized above (identified as government exhibits 1019-1022 on the government's October 18, 2023 updated exhibit list) were not admitted at trial, and, as far as Mr. Randolph is aware, their only pertinent relevance could be related to identification. Mr. Randolph, through counsel, requested the return of the above-described clothing, by email dated November 5, 2023, to government counsel, and offered to sign an appellate waiver regarding chain of custody issues. The government responded on November 8, 2023, via email, and indicated that it intended to hold the property through the time of sentencing, at which point it could be released so long as Mr. Randolph did not plan to raise any property seizure issues on appeal. Now that the trial is

complete, Mr. Randolph stipulated to identity, and the government did not even admit the items as evidence at trial, Mr. Randolph can see no relevant purpose for holding onto personal property that is neither inherently dangerous nor criminal and is not subject to forfeiture.

Because the government indicated a willingness to return the items following a sentencing hearing, and because Mr. Randolph cannot imagine any relevant, articulable basis for holding on to clothing items where identification and chain of custody are not an issue, he respectfully asks the Court to order the government to have the items available in Court on December 5, 2023, and if the government intends to oppose this request for return of property, to be prepared to do so prior to or on December 5, 2023.

For all the reasons set forth above, Mr. Randolph asks the Court to enter the attached, Proposed Order, and return Mr. Randolph's items of clothing to him by December 5, 2023.

                                              Respectfully submitted,

                                              /s/ Angela Halim
                                        Angela Halim, Esq.,
                                        3580 Indian Queen Lane
                                        Suite 10A
                                        Philadelphia, PA  19129
                                        (215) 300-3229
                                        angiehalim@gmail.com

## CERTIFICATE OF SERVICE

      I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using CM/ECF.  I also certify that the foregoing is being served this day on all counsel of record, via transmission of Notices of Electronic Filing generated by CM/ECF.

                                                /s/ Angela Halim
                                        Angela Halim, Esq.

Dated:  November 28, 2023