IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Case No. 1:21-cr-00537-JMC |
| | : | |
| STEPHEN CHASE RANDOLPH, | : | |
| | : | |
| Defendant. | : | |

### UNITED STATES' RESPONSE TO DEFENDANT STEPHEN CHASE RANDOLPH'S MOTION FOR RETURN OF PHYSICAL PROPERTY

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, respectfully submits this response in opposition to Defendant Stephen Chase Randolph's motion for the return of physical property seized by the government. ECF 320.

**Background:**

On April 20, 2021, pursuant to a federal search warrant, property was seized from the home of the defendant as evidence of his participation in the attack on the U.S. Capitol on January 6, 2021. Specifically, government agents seized a black leather jacket, a gray "Carhart" knit cap, black mid-calf boots, and black and orange gloves, all of which appear consistent with what the defendant wore on January 6, 2021.

On October 31, 2023, the government rested after a six-day bench trial. The government did not seek to introduce these items as evidence in its case in chief. The defendant elected not to testify and admitted one clip of body-worn camera video in his case. The government did not present a rebuttal case. This Court will announce verdicts from the bench trial on January 4, 2024. The defendant now seeks return of the seized property. ECF 320.

**Legal Standard:**

Generally, property that is seized by government agents that is not contraband should be returned to the owner at the end of criminal proceedings. *See United States v. Farrell,* 606F.2d 1341, 1343 (D.C. Cir. 1979). However, property that is lawfully seized "may be retained pending exhaustion of its utility in criminal prosecutions." *United States v. Brown*, 185 F. Supp. 3d 79, 82 (D.D.C. 2016) citing *United States v. Hubbard*, 650 F.2d 293, 303 (D.C. Cir. 1980). One proper reason for retaining property is for its use as evidence at potential hearings or trial. *Id.* at 86.

**Argument:**

The defendant's motion for return of property should be denied because the evidentiary utility of the defendant's property is not exhausted until the judgment is final and appellate remedies exhausted. In criminal cases, a defendant may file a notice of appeal within 14 days after entry of the judgment. Fed. Rule App. Pro. 4(b)(1)(A)(i). Until the verdict and sentence of this Court is imposed, no judgement is entered for which the defendant may appeal. *Berman v. United States*, 302 U.S. 211, 212 (1937) ("Final judgment in a criminal case means sentence.") Should the defendant choose to appeal, the property seized may become relevant in future proceedings. While the government did not seek to introduce the property at trial, neither party would be precluded from doing so in any new trial. Therefore, the government requests that this Court deny the defendant's motion until the property's utility as potential evidence is truly exhausted.

Dated: December 7, 2023                    Respectfully Submitted,

                                                  MATTHEW M. GRAVES
                                                  United States Attorney

                              By:             */s/*
                                                  KYLE R. MIRABELLI
                                                  N.Y. Bar No. 5663166

                                              Assistant United States Attorney
                                              601 D Street, N.W.
                                              Washington, D.C. 20579